IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCUS DEWAYNE MCQUEEN, AIS 177303, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) CASE NO. 2:24-CV-769-WKW ) [WO] |
| DEPARTMENT OF CORRECTIONS, OFFICER MITCHELL, LT. CHANDLER, OFFICER RICHARDSON, LT. WICK, OFFICER BOOKER, and CORRECTION OFFICERS UNION, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

### **I. INTRODUCTION**

Plaintiff Marcus Dewayne McQueen, proceeding *pro se*, filed this 42 U.S.C. § 1983 action alleging multiple constitutional violations while in the custody of the Alabama Department of Corrections (ADOC).  He names the ADOC, and several correctional officers, including Officer Mitchell, Lt. Chandler Richardson, Lt. Wick, and Officer Booker.  Plaintiff has filed at least three federal lawsuits that have been dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action.  *See* 28 U.S.C. § 1915(g).  Hence, he

was required to pay the $405.00 filing fee at the time he initiated this action.[1] Because he did not submit the $405.00 filing fee, this action will be dismissed without prejudice under § 1915(g).

## II. DISCUSSION

The Prison Litigation Reform Act (PLRA) imposes specific restrictions on civil rights lawsuits filed by inmates in federal court. One key restriction is known as the "three strikes" provision, which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). Section 1915(g)'s purpose is "to curtail abusive prisoner litigation." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam); *see also Wells v. Brown*, 58 F.4th 1347, 1355 (11th Cir. 2023) ("By taking away the privilege of proceeding in forma pauperis from prisoners who have struck out, the rule is 'designed to filter out the bad claims and facilitate consideration of the good.'" (quoting *Jones v. Bock*, 549 U.S. 199, 204 (2007)). Under this provision, if a prisoner has three or more qualifying dismissals ("strikes") and fails to pay the

---

[1] If a person is not granted *in forma pauperis* status under 28 U.S.C. § 1915, the filing fee for a non-habeas civil action includes a $350.00 statutory fee under 28 U.S.C. § 1914(a) and a $55.00 general administrative fee, as set forth in § 1914(b) and the District Court Miscellaneous Fee Schedule established by the Judicial Conference of the United States.

2

required $405.00 fee at the time the new complaint is filed, the court must dismiss the case without prejudice. *See id.* As the Eleventh Circuit explained in *Dupree*, the three-striker cannot cure such failure by paying the filing fee after the complaint has been filed:

> We conclude that the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.

*Id.* at 1236; *accord Daker v. Ward*, 999 F.3d 1300, 1310 (11th Cir. 2021).

Plaintiff has filed numerous civil actions in the federal courts of Alabama while incarcerated and has accumulated at least three strikes under § 1915(g).[2] *See, e.g., McQueen v. City of Birmingham*, Civil Action No. 2:14-cv-1201-VEH-JEO (N.D. Ala. filed June 24, 2014) (dismissed on March 9, 2015, under 28 U.S.C. § 1915A(b)(1)–(2) for failing to state a claim for relief and seeking relief against

---

[2] Courts regularly take judicial notice of a prisoner's litigation history in federal courts when determining whether the prisoner has accrued three strikes under § 1915(g). *See, e.g., Lloyd v. Benton*, 686 F.3d 1225, 1226 (11th Cir. 2012) (noting the district court took "judicial notice of [the prisoner's] status as a 'three strikes' litigant under the PLRA"); *Lee v. Fla. Dep't of Corr.*, 2025 WL 1113423, at *1 & n.1 (S.D. Fla. Apr. 15, 2025) (taking judicial notice of the prisoner's prior federal lawsuits to dismiss the action under the "three-strikes" rule); *Burton v. Walker*, 2025 WL 241115, at *2 (M.D. Ala. Jan. 17, 2025) (taking judicial notice of its own records to evaluate the prisoner's three-strikes status under § 1915(g)); *see generally United States v. Glover*, 179 F.3d 1300, 1303 n.5 (11th Cir. 1999) ("A court may take judicial notice of its own records and the records of inferior courts." (citation and internal quotations marks omitted). Moreover, the final dispositions of a prisoner's prior federal lawsuits "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The provided list of Plaintiff's "strikes" may not be exhaustive.

3

defendants immune from suit), ECF Nos. 19, 20, 21; *McQueen v. Keith*, Civil Action No. 1:18-cv-0109-TFM-MU (S.D. Ala. filed Mar. 8, 2018) (dismissed on September 16, 2019, under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous), ECF Nos. 23, 25, 26; and *McQueen v. Hale*, Civil Action No. 2:18-cv-2019-MHH-GMB (N.D. Ala. filed Dec. 7, 2018) (dismissed on January 29, 2020, under 28 U.S.C. § 1915A(b)(1) for failure to state a claim for relief), ECF Nos. 9, 12, 13.  These summary dismissals place Plaintiff in violation of § 1915(g).[3]  Consequently, federal district courts in Alabama have dismissed as least sixteen civil actions filed by Plaintiff as barred by § 1915(g)'s three-strikes provision.  *See McQueen v. Shelby Cnty. Sheriff Dep't*, Civil Action No. 2:24-cv-1124-AMM-HNJ (N.D. Ala. filed Aug. 16, 2024), ECF No. 3 at 3–4 (citing the sixteen actions).

Because Plaintiff has accrued three strikes under § 1915(g), he cannot proceed *in forma pauperis* in this case unless he was "in imminent danger 'at the time that he s[ought] to file his suit in district court.'"  *Daker*, 999 F.3d at 1310–11 (quoting *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999)) (alterations added).  Allegations of past harm do not satisfy the requirements of the statutory exception.

---

[3] Plaintiff admits that he has filed multiple lawsuits "dealing with the same or similar facts involved in this action" in the "Northern, Middle, and Southern District Courts" (Doc. # 1 at 1), but he inaccurately represents that those cases are still "pending" (Doc. # 1 at 2).  Contrary to his representation, Plaintiff has been advised previously by federal courts in at least sixteen separate cases that he is subject to the three-strikes bar under § 1915(g).  Plaintiff is cautioned that his status as a *pro se* litigant does not excuse him from the obligation to provide truthful and complete information regarding his litigation history and that a failure to do so in future actions, following notice and an opportunity to respond, may serve as an independent basis for dismissal of those actions as a sanction.  *See Mitchell v. Nobles*, 873 F.3d 869, 875 (11th Cir. 2017).

*Id.*; *see also Medberry*, 185 F.3d at 1193 ("[A] prisoner's allegation that he faced imminent danger sometime in the past is . . . insufficient."). Additionally, generalized assertions, lacking "specific fact allegations" to demonstrate that serious physical injury is imminent, are insufficient to trigger the exception under § 1915(g). *Medberry*, 185 F.3d at 1193; *see also Daker*, 999 F.3d at 1311 (holding that "[g]eneral assertions … are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury'") (quoting *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004)).  In assessing whether a prisoner has shown "imminent danger of serious physical injury" under § 1915(g), the court considers the complaint, in its entirety, "construing it liberally and accepting its allegations as true." *Daker*, 999 F.3d at 1311 (quoting *Brown*, 387 F.3d at 1350).

In his complaint, Plaintiff alleges that, on October 29, 2024, while incarcerated at the Limestone Correctional Facility, Officer Mitchell and other officers pushed him in the "wrong direction" and forced him to do the "wrong thing," placing him in a dangerous situation involving gang members in the "J dorm."[4] (Doc. # 1 at 2–3.)  He further alleges, without providing a specific time frame, that

---

[4] Plaintiff also alleges that additional incidents forming the basis of his complaint occurred at multiple facilities, namely, "Fountain, Atmore Work Center, Bullock, Elmore, Bibb." (Doc. # 1 at 2.)

5

Officer Mitchell assisted gang members in committing violent acts and smuggling contraband.  Plaintiff also emphasizes that he has been subjected to various forms of abuse and misconduct by both inmates and officers and that he has been falsely imprisoned.  His complaint further describes a broader context of corruption and violence within the prison system, including drug trafficking, violence, and discrimination by correctional officers.  (Doc. # 1-1.)  He seeks $200 billion in damages for the alleged violations.  (Doc. # 1 at 4.)

Plaintiff's complaint, as a whole, fails to meet the exception to the three-strikes provision under § 1915(g).  First, the allegations do not demonstrate that Plaintiff faced imminent danger of serious physical injury at the time he filed his complaint on October 31, 2024.[5]  His allegations largely are vague and generalized and therefore fail to satisfy the temporal requirement of § 1915(g).  The only specific date mentioned is October 29, 2024, when Plaintiff claims ADOC officers pushed him in the "wrong direction," which he says put him in proximity with dangerous gang members.  (Doc. # 1 at 2–3.)  However, this assertion, without further factual support, is too conclusory to establish imminent danger.  *See Medberry*, 185 F.3d at 1193; *see also McQueen v. Mathis*, 2022 WL 7675161, at *2 (N.D. Ala. Oct. 13, 2022) (rejecting the plaintiff's claim of "imminent danger of serious physical injury"

---

[5] Plaintiff's complaint was docketed on December 2, 2024.  However, because the complaint is dated October 31, 2024, it is deemed to have been filed on October 31, 2024, by operation of the prison mailbox rule.  *See Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (per curiam) (explaining that, under the prison mailbox rule, a prisoner's motion is presumed filed on the date it is signed, absent contrary evidence).

based on "'[h]its hav[ing] been placed on [his] head by criminal[s] in and out of prison due to' a 'wrongful, unlawful incarceration,'" finding that the plaintiff's conclusory assertion, unsupported by specific factual allegations, was insufficient to overcome § 1915(g)'s three-strikes bar) (second alteration added). Second, many of Plaintiff's allegations are not personal to him, but instead appear to be broad grievances about general conditions affecting the overall prison population. Such generalized claims, which do not allege an injury specific to Plaintiff, do not satisfy the requirements of § 1915(g). *See Daker*, 999 F.3d at 1310.

## III.  CONCLUSION

Plaintiff has filed at least three federal lawsuits while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim, and he has not shown that he was under imminent danger of serious physical injury when he filed his complaint in this action. Therefore, he was required to pay the $405.00 filing fee at the time of filing his complaint but failed to do so. Accordingly, it is ORDERED that this action is DISMISSED without prejudice under 28 U.S.C. § 1915(g).

Final judgment will be entered separately.

DONE this 16th day of June, 2025.

                                          /s/ W. Keith Watkins
                                   UNITED STATES DISTRICT JUDGE